## GEORGE HOLMES v. THE SEASHORE ELECTRIC RAILWAY COMPANY.

1. A replication which merely alleges a conclusion of law, without disclosing facts upon which such conclusion can be based, is demurrable.
2. A replication which sets up a new and independent promise, different from that laid in the declaration, is a departure in pleading.

On demurrer to replication.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Randolph, Condit & Black.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit is brought to recover the amount due upon coupons cut from bonds secured by a mortgage on the lands and franchises of the defendant.

The defendant pleaded that these bonds and the said coupons attached thereto were secured by a mortgage on lands in this state, and that no suit could be maintained on said coupons before foreclosure of the mortgage, according to our statute.

This plea was demurred to and was held good. This court decided that these bonds and coupons could not be sued on before foreclosure, by force of the statute.

The plaintiff now replies these facts:

*First.* That he is not and never was the owner or holder of the mortgage or any of the bonds.

This statement is not pertinent. If ownership of the bonds or mortgage was essential to support the defence, it was necessary to set it forth in the plea, and then it could have been traversed. The plea has been sanctioned by the court, although it contains no such averment.

*Second.* That plaintiff cannot compel the trustee to foreclose.

This is a mere allegation of a legal conclusion, and is inconsistent with the admitted fact that the mortgage was given to secure the principal and interest of the bonds. As the facts appear, the trustee could be compelled to foreclose.

*Third.* That the mortgage is not a subsisting lien, and has been canceled.

This, again, is a mere allegation of a legal result.

It is not shown how the cancellation was effected or by whom authorized. The facts must be stated. An unauthorized cancellation would not deprive bondholders of their remedy.

*Fourth.* That coupons have not been canceled and were not intended to be.

This, again, is a legal inference from facts which are not disclosed in the replication.

*Fifth.* That the defendant, on or about January 1st, 1892, promised to pay the said coupons, according to the tenor and effect thereof.

This is a new promise, different from that laid in the declaration, and is, therefore, a departure in pleading.

*Sixth.* The conclusion to the contrary is erroneous.

The demurrer should be sustained.